UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HERITAGE RAILWAYS, INC., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BRADLEY ARTHUR HIROU,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:24-cv-1802-CAB-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS;**<br><br>**(2) GRANTING PRELIMINARY INJUNCTION** |

On October 8, 2024, Plaintiffs American Heritage Railways, et al., sued Defendant Bradley Arthur Hirou for declaratory and injunctive relief, violation of California Commercial Code § 9509 and Business and Professions Code § 17200, and defamation. [Compl.]  Plaintiffs allege Defendant Hirou filed fraudulent UCC-1 financing statements with the California Secretary of State against Plaintiffs' property.  Defendant Hirou apparently did so on the basis that Plaintiffs violated a common law copyright in his name. Defendant Hirou, proceeding pro se, filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  [Doc. No. 8.]  Plaintiffs filed a motion for a preliminary injunction.  [Doc. No. 9.]  Defendant filed no response to that motion. The Court finds this case suitable for determination on the papers and without oral

argument. *See* S.D. Cal. CivLR 7.1(d)(1). The Court **DENIES** the motion to dismiss and **GRANTS** the motion for preliminary injunction.

## I. BACKGROUND

In June 2024, Plaintiffs received documents from Defendant Hirou that purported to be "Self-Executing Security Agreement[s]" in which Defendant Hirou claimed Plaintiffs "violated his common law copyright in his name by using his name without authorization." [Compl. ¶¶ 20–26.] Subsequently, Defendant Hirou filed two UCC-1 financing statements against Plaintiffs American Heritage and Old Tucson based on the purported violation of the security agreement. Plaintiffs allege that they never entered any agreement with Defendant Hirou, never granted any security interest in any property to him, and that the UCC-1 statements are thus fraudulent. [Compl. ¶¶ 50–55.] They further contend that Defendant Hirou possesses no copyright to his own name. [Compl. ¶ 37.]

Taking the allegations as true, Defendant Hirou appears to have a modus operandi. Indeed, the facts alleged in this case are nearly identical to another brought against Defendant Hirou in 2008 in this district. *Teeple v. Hirou*, No. 08-CV-2281-JAH-CAB, 2009 WL 10671655 (S.D. Cal. 2009).

## II. LEGAL STANDARDS

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2011) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional

facts to withstand the motion to dismiss." *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).

### B. Preliminary Injunction

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this 'extraordinary remedy.'") (quoting *Winter*, 555 U.S. at 24). It is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "The grant or denial of a motion for a preliminary injunction lies within the discretion of the district court." *Johnson v. California State Bd. of Acct.*, 72 F.3d 1427, 1429 (9th Cir. 1995).

To obtain preliminary injunctive relief, a movant must establish: (1) a likelihood of prevailing on the merits; (2) a likelihood of suffering irreparable harm unless an injunction issues; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The Ninth Circuit employs a "sliding scale approach, in which the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 844 (9th Cir. 2024) (internal quotation marks omitted).

## III. DISCUSSION

### A. Personal Jurisdiction

Defendant Hirou contends that this Court lacks personal jurisdiction over him because he allegedly does not have minimum contacts with the forum state of California. [Doc. No. 8.] "A defendant who is domiciled in a state . . . can be haled into court in that state in any action . . . . This is known as general jurisdiction." *Freeman v. Specialty Retailers, Inc.*, No. 13-CV-1339-CAB-BGS, 2013 WL 12084292, at *2 (S.D. Cal. 2013)

(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). In his motion to dismiss, Defendant Hirou unequivocally states that he "resides in the state of California." [Doc. No. 8 at 2.] This statement by Defendant is corroborated by the mailing address in Carlsbad, California he lists in his filings, and at which he was personally served. [Doc. No. 3; *see, e.g.*, Doc. No. 18 at 1.] Accordingly, the Court is satisfied that it possesses jurisdiction over Defendant Hirou and **DENIES** the motion to dismiss. *See Teeple*, 2009 WL 10671655 (concluding the same).

### B.  Preliminary Injunction

#### 1.  Likelihood of Prevailing on Merits

Plaintiffs assert they will prevail on the merits because they never entered a contract with Hirou, never authorized the filing of a UCC-1, and Hirou possesses no copyright in his own name. The Court agrees.

Defendant Hirou sent Plaintiffs a "Self-Executing Security Agreement" that was purportedly triggered upon Plaintiffs' alleged unauthorized use of Defendant Hirou's purported copyright, and which stated that Plaintiffs consented to Defendant Hirou's filing of a UCC-1 Financing Statement. However, Plaintiffs counter they never took any action to enter into any agreement with Defendant. Moreover, Plaintiffs assert they did not authorize Defendant Hirou's filing of an initial financing statement, or UCC-1, as is required in California. *See* Cal. Com. Code § 9509; *see also Lightstorm Ent., Inc. v. Cummings*, No. 2:20-CV-08044-ODW(PVCX), 2021 WL 2483792, at *3 (C.D. Cal. 2021) ("The California Commercial Code . . . provides that a person may file a UCC-1 only if the debtor authorizes the filing"). Finally, Defendant Hirou's name is not subject to common law copyright protection. *See, e.g., United States v. Rodriguez Ramirez*, 291 F. Supp. 2d 266, 269 (S.D.N.Y. 2003) (voiding liens placed on property and rejecting claimed common law copyright in a name as federal law preempted common law copyright and "a name is not a proper subject for copyright"); *see also Gannon v. Tucknott Miller*, No. 1:05-CV-00168 TS, 2006 WL 1793581, at *2 (N.D. Ind. 2006) ("common law copyright law does not exist" and a name does not "exhibit the minimal creativity required for copyright

protection"); *see also Ray v. Credit Union One*, No. CIVA 06-11694, 2007 WL 522700, at *2 (E.D. Mich. 2007) ("Plaintiff's Complaint fails to state a claim for relief because his name is not subject to copyright protection.").

Accordingly, the Court finds that Plaintiffs are likely to prevail on the merits of the case and that this factor weighs heavily for Plaintiffs.

### 2. Irreparable Harm

Plaintiffs complain of a real risk of damage to their credit and ability to obtain financing given that the UCC-1 liens against Plaintiffs American Heritage Railways, Inc. and Old Tuscon Entertainment, LLC are public and for $148,000,000 each. [Compl. ¶ 28.] The Court finds that the potential harm to Plaintiffs will be difficult to quantify, but also that traditional legal redress against Defendant Hirou appears to be futile. As shown from past litigation, Defendant Hirou continues to file fraudulent UCC-1s against parties that allegedly violate a copyright he possesses to his own name while frivolously asserting that he is beyond the reach of the Court's jurisdiction despite admitting to living within the Southern District of California. [*See, e.g.*, 3:08-cv-02281-JAH-CAB, Doc. No. 22 at 1, ("Secured Party submits this opposition by special visitation *does not concede to* [sic] . . . Court's jurisdiction Secured Party [sic] is a California Citizen and resident of Carlsbad").] Accordingly, under these facts, Plaintiffs have demonstrated irreparable harm will likely result without preliminary injunctive relief.[1] *See F.H. Cann & Assocs., Inc. v. Moorman*, 605 F. Supp. 3d 232, 242 (D. Mass. 2022) (finding irreparable harm where Plaintiffs alleged invalid UCC-1 posed risk of damage to credit and ability to exercise complete rights over property subject to lien); *see also United States v. Halajian*, No. 1:13-CV-00468-AWI, 2013 WL 5954806, at *6 (E.D. Cal. 2013), report and recommendation adopted, No. 1:13-CV-00468-AWI-SKO, 2013 WL 12312786 (E.D. Cal. 2013) (finding

---

[1] In reaching this conclusion, the Court additionally considered the fact that Plaintiffs' probability of success on the merits is so high that a lesser degree of irreparable harm is required to be shown. *See Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024).

irreparable harm where frivolous UCC-1 liens filed against government officials); *see also Painewebber Inc. v. Nwogugu*, No. 98 CIV. 2441 (DLC), 1998 WL 193110, at *4 (S.D.N.Y. 1998) (finding irreparable harm where frivolous UCC-1 liens filed against corporation).

### 3. Balance of Equities

In contrast to the harm caused to Plaintiffs by Defendant Hirou due to the invalid UCC-1 filings, Defendant Hirou will not be injured by any injunction as he was never entitled to a copyright in his name, and thus could not file a valid UCC-1 against Plaintiffs. *See F.H. Cann*, 605 F. Supp. 3d at 242 (finding balance of equities weighed for Plaintiffs harmed by frivolous UCC-1 filing).

### 4. Public Interest

The final factor weighs for Plaintiffs as well given that guarding against the filing of baseless UCC financing statements is in the public interest. *See id.* at 242–43; *see also Halajian*, 2013 WL 5954806 at *6.

### 5. Security

"Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief 'only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citing *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). As there is no realistic likelihood of harm to Defendant Hirou in requiring him to remove the frivolous UCC-1s he filed and enjoining him from filing further UCC-1s against Plaintiffs, the Court declines to order Plaintiffs to provide any security.

### IV. CONCLUSION

With Plaintiffs establishing the four required factors, the Court **GRANTS** the motion for preliminary injunction. *See Lightstorm*, 2021 WL 2483792, at *3 ("A party improperly named as a debtor in a UCC-1 is entitled to injunctive relief pursuant to the [California] Commercial Code [§ 9625(a)]."); *see also Teeple*, 2009 WL 10671655 (granting preliminary injunction in identical case against same defendant).

Defendant Hirou is prohibited from acting upon the UCC-1 statements filed and from filing additional UCC-1 statements against Plaintiffs. Defendant Hirou shall remove the unauthorized UCC-1 filings against Plaintiffs by **March 19, 2025**.

It is **SO ORDERED**.

Dated: February 26, 2025

Hon. Cathy Ann Bencivengo
United States District Judge