UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HERITAGE RAILWAYS, INC., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BRADLEY ARTHUR HIROU, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01802-CAB-JLB<br><br>**ORDER DENYING MOTION TO STAY & MOTION FOR RECONSIDERATION**<br><br>[Doc. Nos. 22, 25] |

**I.　　MOTION TO STAY**

Defendant, proceeding pro se, has requested that this Court stay its ruling denying Defendant's motion to dismiss and granting Plaintiffs' preliminary injunction pending Defendant's appeal to the Ninth Circuit. [Doc. No. 20.] A stay pending appeal is an "extraordinary" remedy. *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam). To obtain such exceptional relief, the stay applicant must (1) make a "strong showing that [it] is likely to succeed on the merits" of the appeal; (2) demonstrate that it will be "irreparably injured" before the appeal concludes; (3) show that issuing a stay will not "substantially injure the other parties" interested in the proceeding; and (4) establish that "the public interest" favors a

stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Plaintiff has not made the requisite showing here. For starters, as the Court's prior order stated, the outcome in this case tracks the outcome in a nearly identical case brought against Defendant Hirou in 2008. *Teeple v. Hirou*, No. 08-CV-2281-JAH-CAB, 2009 WL 10671655 (S.D. Cal. 2009). And the likelihood of harm to Defendant is minimal where Defendant provides no authority to disturb the finding that his name is not subject to common law copyright protection. *See, e.g., United States v. Rodriguez Ramirez*, 291 F. Supp. 2d 266, 269 (S.D.N.Y. 2003). The public interest in a dispute between these parties, if any, is minimal. These factors strongly counsel against a stay. The motion is **DENIED**. [Doc. No. 22.]

## II.   MOTION FOR RECONSIDERATION

Defendant also seeks reconsideration of this Court's order granting Plaintiffs' request for preliminary injunction and denying Defendant's motion to dismiss. [Doc. No. 20.] A district court loses jurisdiction following a notice of appeal to adjudicate those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (finding this divestiture of jurisdiction applies to interlocutory appeals as well). Defendant seeks reconsideration of the very order and issues he has appealed. Accordingly, the Court lacks jurisdiction and **DENIES** Defendant's motion for reconsideration. [Doc. No. 25.]

## III.   CONCLUSION

Defendant's motion for reconsideration and motion to stay are **DENIED**. Defendant may only file additional motions with leave of the Court. The Clerk of Court is instructed to **STRIKE** any additional motions that are filed without leave of the Court.

It is **SO ORDERED**.

Dated: April 2, 2025

Hon. Cathy Ann Bencivengo
United States District Judge