UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HERITAGE RAILWAYS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY ARTHUR HIROU, et al.,<br><br>Defendants. | Case No.: 3:24-cv-01802-CAB-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO CORRECT DOCKET ENTRIES; and**<br><br>**(2) DENYING DEMAND FOR TRACKABLE PROOF OF SERVICE**<br><br>[Doc. Nos. 29, 30] |

### I.   MOTION TO CORRECT DOCKET ENTRIES

Pursuant to Fed. R. Civ. P. 60(a), Defendant seeks to have docket entries 28 and 29, which were both initially labeled within the docket as "Certificate of Service," instead labeled as "Defendant's Demand for Trackable Proof of Service from Plaintiffs," [Doc. No. 29], and "Affidavit in Support of Defendant's Demand for Trackable Proof of Service from Plaintiff," [Doc. No. 28].

Fed. R. Civ. P. 60(a) states that "a clerical mistake or a mistake arising . . . [in] part of the record" can only be corrected with the appellate court's leave "after an appeal has been docketed in the appellate court and while it is pending."  Defendant has filed a notice

of appeal with the Clerk's Office of the Ninth Circuit, and the appeal has been docketed. [Doc. No. 26.] The Court thus lacks jurisdiction over Defendant's motion. Accordingly, the Court **DENIES** Defendant's motion and directs Defendant to seek leave from the appellate court so as to enable this Court to modify the docket. [Doc. No. 30.] *See Barnes-Wallace v. Boy Scouts of Am.*, No. 00-CV-1726-J (AJB), 2004 WL 7334947, at *3 (S.D. Cal. May 25, 2004) (directing party to seek leave from appellate court to correct clerical error following appeal).

## II. DEMAND FOR TRACKABLE PROOF OF SERVICE

Although not docketed as a motion, Defendant seeks trackable proof of service for Plaintiffs' motion for preliminary injunction, [Doc. No. 29], which the Court granted in its February 26, 2025 order. [Doc. No. 20.] Plaintiffs filed a declaration that they served the motion upon Defendant by mail. [Doc. No. 9-10.] Defendant alleges he did not receive service of the motion despite previously responding to one of Plaintiffs' briefs which was served by identical means. Defendant states that if Plaintiffs fail to provide proof of service, Defendant may seek to have the preliminary injunction vacated and request a hearing on whether service was effective. Defendant, however, has already appealed the order granting Plaintiffs' motion for preliminary injunction. [Doc. No. 26.] The Court thus lacks jurisdiction over Defendant's motion/demand as it could affect the Court's now-appealed judgment on the preliminary injunction. *See U.S. v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (finding that a district court generally loses its jurisdiction over "a defendant's interlocutory claim . . . from the time the defendant files its notice of appeal until the appeal is resolved."). The motion/demand for trackable proof of service is **DENIED**.

## III. CONCLUSION

Defendant's motion to correct the docket and motion/demand for trackable proof of service is **DENIED**. Given the Court's now-limited jurisdiction over this case, Defendant is henceforth **required** to seek leave of the Court to make any additional filings in this case. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th

Cir. 1998) (affirming the inherent power of district courts "to control their dockets and [] impose sanctions . . . in the exercise of that discretion."). The Clerk of Court is instructed to **STRIKE** any additional filings made by Defendant without leave of the Court.

It is **SO ORDERED**.

Dated: April 7, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge