UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AMERICAN HERITAGE RAILWAYS, INC., et al.,
Plaintiffs,

v.

BRADLEY ARTHUR HIROU,
Defendant.

Case No.: 3:24-cv-1802-CAB-JLB

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

**[Doc. No. 58]**

Before the Court is a motion for attorney's fees filed by Plaintiffs American Heritage Railways, Inc., Old Tucson Entertainment, LLC, Allen C. Harper, John A. Harper, James W. Harper, Carol E. Harper, Richard Silverman, Brenda Jahnke, Matthew Cunningham, and Reeder Glass (collectively, "Plaintiffs"). [Doc. No. 58.] Defendant Bradley Arthur Hirou ("Hirou") has not filed an opposition to the motion. For the reasons below, the Court **GRANTS** the motion.

## I. PROCEDURAL HISTORY

On October 8, 2024, Plaintiffs sued Hirou for filing false UCC-1 Financing Statements against Plaintiffs American Heritage Railways, Inc. and Old Tucson Entertainment, LLC. [Doc. No. 1.] "As part of his UCC-1 Financing Statements, Hirou included purported invoices which state[d] that the debt [was] for fees Plaintiffs incurred

in using his copyright without authorization." *Am. Heritage Rys., Inc. v. Hirou*, No. 3:24-CV-1802-CAB-JLB, 2025 WL 3124340, at *1 (S.D. Cal. Nov. 7, 2025).

On November 7, 2025, the Court granted Plaintiffs' summary judgment on their first claim for declaratory relief that no copyright exists for "Filmwest © et al." or Hirou's personal name and their fourth claim for defamation. [Doc. No. 52.] On June 30, 2026, the Court entered judgment for Plaintiffs on those claims. [Doc. No. 56.] Plaintiffs now seek attorney's fees.

## II. LEGAL STANDARD

The Copyright Act provides that in a copyright action, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States," including "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. This includes a claim for declaratory relief that invokes the Copyright Act. *See Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 359 (9th Cir. 2020). "In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996).

## III. DISCUSSION

The Court finds the Ninth Circuit's factors weigh heavily for awarding fees here. The Court granted Plaintiffs summary judgment on their declaratory relief claim relating to Hirou's purported copyrights, holding that neither a business trade name nor one's personal name is subject to copyright protection. *Hirou*, 2025 WL 3124340, at *2. The Court also found that "[g]iven the lack of any enforceable security agreement" between Plaintiffs and Hirou, "Hirou had no authority to file UCC-1 Financing Statements against Plaintiffs." *Id.* Hirou's filings were indeed fraudulent and "part of a rising odd area of law dealing with individuals who file UCC-1 Financing Statements without having any legal or contractual right to do so." *Id.* (cleaned up).

Moreover, Hirou put forth unreasonable arguments throughout this litigation, such as that his fraudulent UCC-1 filings were protected by the First Amendment, that the Court lacked personal jurisdiction over him despite the fact he was served at his home in Carlsbad, California, and that Plaintiffs lacked standing. The Ninth Circuit affirmed that the latter two were "meritless" contentions. [Doc. No. 62-1 at 3.] Hirou also made various frivolous filings, including, but not limited to, a motion to strike Plaintiffs' reply brief to their motion for summary judgment because Plaintiffs did not seek the Court's leave (which was not required), [Doc. No. 51], a renewed motion to dismiss after the Court had already granted summary judgment to Plaintiffs, [Doc. No. 54], and a copy of the complaint incomprehensibly riddled with numbers connected to a "syntax-key-code," [Doc. No. 13-1]. Finally, the Court finds there is a strong need (1) to deter individuals like Hirou from engaging in similar fraudulent conduct and (2) to compensate Plaintiffs for having to pursue this litigation against Hirou.

"The parties seeking attorney's fees must establish that the fees are reasonable. The district court 'has a great deal of discretion in determining the reasonableness of the fee.'" *Bundorf v. Jewell*, 336 F. Supp. 3d 1248, 1252 (D. Nev. 2018) (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010)). The customary method of determining fees is the lodestar method, which multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

Plaintiffs state that Attorney Frederick Reich spent 87.7 hours on this case at $500 per hour, Attorney Grant Teeple spent 2.5 hours at $600 per hour, Legal Assistant Nicolas Espinosa spent 17.9 hours at $175 per hour, and Paralegal Karen Guerrero Ambrocio spent 3.3 hours at $175 per hour. [Doc. No. 58-1 at 11.] The total fees sought are $49,060. Attorneys Reich and Teeple both have over thirty years of legal experience. [Doc. No. 58-1 at 10, Doc. No. 58-3 at 2.] Plaintiffs provide complete documentation of all 111.4 hours worked on this case over the last nearly two years. [Doc. No. 58-2.] Hirou also fails to "challeng[e] the accuracy and reasonableness of the hours charged or the facts asserted by

[Plaintiffs] in [their] submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). The Court thus finds the hours expended and the hourly rate for each of the aforementioned to be reasonable.

## IV. CONCLUSION

For the reasons above and given that Defendant Hirou has failed to file an opposition,[1] the Court **GRANTS** the motion for attorney's fees. Plaintiffs are awarded attorney's fees in the amount of **$49,060**.

It is **SO ORDERED**.

Dated: August 11, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] Local Rule 7.1(f)(3)(C) states that if an opposing party fails to file an opposition to a motion, "that failure may constitute a consent to the granting of a motion[.]"